IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:09-1079-HMH |
| vs. | ) | Cr. No. 7:11-492-HMH |
| | ) | |
| Eric Michael Shoemaker, | ) | **OPINION & ORDER** |
| | ) | |
| Movant. | ) | |

This matter is before the court on Eric Michael Shoemaker's ("Shoemaker") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court summarily dismisses Shoemaker's § 2255 motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On February 23, 2010, Shoemaker pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). On June 16, 2010, the court sentenced Shoemaker to 24 months' imprisonment. Shoemaker did not appeal his felon in possession of a firearm conviction or sentence. Subsequently, on May 18, 2011, Shoemaker pled guilty to two additional charges: (1) knowing possession of child pornography that was transported using means of interstate commerce in violation of 18 U.S.C. § 2252A(a)(5)(B); and (2) using the United States Postal Service to knowingly and willfully devise and execute a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses in violation of 18 U.S.C. § 1341. On September 14, 2011, Shoemaker was sentenced to 78 months' imprisonment, and he did not appeal his possession of child pornography and mail fraud conviction or sentence.

Proceeding pro se, Shoemaker filed the instant § 2255 motion on December 18, 2012, attacking his sentences and convictions for felon in possession of a firearm, possession of child

pornography, and mail fraud.[1]  In his § 2255 motion, Shoemaker alleges that his convictions and sentences were invalid because the court lacked subject-matter jurisdiction.[2]  (Shoemaker Mem. Supp. § 2255 Mot. 1-2, ECF No. 39-2.)  Specifically, Shoemaker claims that: (1) "it was never alleged that Movant transported either the gun or the child pornography across state lines, that he bought anything at all, or that there was any sort of trade"; and (2) "the use of an interstate carrier does not give the federal government jurisdiction on [the mail fraud] charge." (Id., ECF No. 39-2.)

## II. Discussion of the Law

There is a one-year statute of limitations for filing a motion under § 2255, which provides as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] Shoemaker filed the instant § 2255 motion in both of his criminal cases, Criminal Number 7:09-1079 and Criminal Number 7:11-492.

2

28 U.S.C. § 2255(f). Shoemaker did not appeal his judgments of conviction. Thus, the convictions were final on the fifteenth day after the entry of judgments in his criminal cases. Brown v. United States, C.A. No. 4:11-2470-TLW, Cr. No. 4:04-479-TLW, 2012 WL 1570121, at *2 (D.S.C. May 2, 2012) ("Where there is no direct appeal, the judgment of conviction becomes final when the fourteen day notice of appeal period expires.") (unpublished); see also Fed. R. App. P. 4(b)(1)(A). The judgment for Shoemaker's felon in possession of a firearm conviction was entered on June 16, 2010. (Cr. No. 7:09-1079 Judgment 1, ECF No. 35.) In addition, the judgment for Shoemaker's possession of child pornography and mail fraud convictions was entered on September 14, 2011. (Cr. No. 7:11-492 Judgment 1, ECF No. 30.) The instant § 2255 motion was filed on December 18, 2012. Thus, Shoemaker's motion is clearly time-barred under § 2255(f)(1).

Shoemaker's motion is also time-barred under § 2255(f)(2). Shoemaker does not allege that any impediment created by the government prevented him from filing the instant motion, and there is no evidence of any impediment. Thus, Shoemaker's motion is untimely under § 2255(f)(2). Further, Shoemaker's motion is similarly untimely under § 2255(f)(3), because he does not assert a new right that has been recognized by the Supreme Court and made retroactive to cases on collateral review. Finally, § 2255(f)(4) does not permit Shoemaker to bring an otherwise untimely motion as the facts supporting his claims were available to him through the exercise of due diligence as of the date the judgments were entered. Therefore, Shoemaker's § 2255 motion is time-barred.

Generally the court may not dismiss a motion under § 2255 as untimely sua sponte without affording the movant the opportunity to explain why the statute of limitations under

§ 2255 should be equitably tolled to allow him to proceed. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); United States v. Sexton, No. 02-6273, 2003 WL 601443, at *1 (4th Cir. Feb. 28, 2003) (unpublished) (applying Hill to a petition brought under § 2255). However, the court may dismiss the motion as untimely if it is "indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles . . . ." Hill, 277 F.3d at 707.

Shoemaker alleges that his convictions and sentences were invalid because the court lacked subject-matter jurisdiction. (Shoemaker Mem. Supp. § 2255 Mot. 1-2, ECF No. 39-2.)

> Subject-matter jurisdiction (in the sense of judicial power) over federal criminal prosecutions is conferred on district courts by 18 U.S.C. § 3231.[3] . . . "Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts. That's the beginning and the end of the 'jurisdictional' inquiry."

United States v. Hartwell, 448 F.3d 707, 716 (4th Cir. 2006) (quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999)). Shoemaker was indicted and pled guilty to violations of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e), 1341, and 2252A(a)(5)(B), all of which are federal crimes.

Further, the indictments to which Shoemaker pled guilty charged an interstate nexus. First, the felon in possession of a firearm indictment, Criminal Number 7:09-1079, stated that he "knowingly did possess, in and affecting commerce, firearms, . . . each of which had been shipped and transported in interstate and foreign commerce." (Cr. No. 7:09-1079 Indictment 1,

---

[3] 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.").

ECF No. 12.) Second, count 1 of the indictment in Criminal Number 7:11-492 charging possession of child pornography alleged that Shoemaker

> did knowingly possess any matter that contained images of child pornography . . . that had been mailed and shipped and transported in interstate commerce by any means, including by computer, and that were produced using materials that had been mailed and shipped and transported in interstate and foreign commerce by any means, including by computer.

(Cr. No. 7:11-492 Indictment 1, ECF No. 2.) Third, count 2 of the indictment in Criminal Number 7:11-492 charging mail fraud stated that Shoemaker "did knowingly cause money orders to be sent [] by the United States Postal Service [] to his home address," and that he "did receive in the mails numerous money order forms for the items [he] sold" on the internet. (Id. at 2-3, ECF No. 2.)

In addition, Shoemaker's argument that he never "transported either the gun or the child pornography across state lines" is of no effect. (Shoemaker Mem. Supp. § 2255 Mot. 1, ECF No. 39-2.) "Evidence showing that the gun traveled in interstate commerce is sufficient to support a conviction [for being a felon in possession of a firearm]." United States v. Rice, No. 01-4781, 2002 WL 1283639, at *1 (4th Cir. June 11, 2002) (unpublished). Further, "[t]ransmission of [child pornography] by means of the Internet is tantamount to moving [child pornography] across state lines and thus constitutes transportation in interstate commerce." United States v. White, No. 00-4497, 2001 WL 51014, at *2 (4th Cir. Jan. 22, 2001) (unpublished). Thus, Shoemaker pled guilty to the essential elements of each respective crime.

To the extent Shoemaker argues that his use of the United States Postal Service was an inadequate basis for the court to exercise jurisdiction, his claim is frivolous. "To obtain a conviction under 18 U.S.C. § 1341, the prosecution must prove two essential elements–(1) the

5

existence of a scheme to defraud, and (2) the mailing of a letter, etc., for the purpose of executing the scheme." United States v. Murr, 681 F.2d 246, 248 (4th Cir. 1982). Shoemaker pled guilty to "knowingly and willfully devis[ing] and execut[ing] a scheme and artifice to defraud" and "knowingly caus[ing] money orders to be sent [] by the United States Postal Service [] to his home address." (Cr. No. 7:11-492 Indictment 2-3, ECF No. 2.) Therefore, Shoemaker pled guilty to the essential elements of mail fraud. Based on the foregoing, Shoemaker's claim is without merit.

Shoemaker voluntarily and knowingly pled guilty to all three charges. (Cr. No. 7:09-1079 Guilty Plea 1, ECF No. 29; Cr. No. 7:11-492 Guilty Plea 1, ECF No. 24.) "A voluntary and intelligent plea of guilty is an admission of all the elements of a formal criminal charge, and constitutes an admission of all material facts alleged in the charge, including the right to contest the factual merits of the charges." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (internal citations and quotation marks omitted). Thus, Shoemaker admitted the interstate nexus.

Based on the foregoing, there is nothing in the record that warrants application of the doctrine of equitable tolling. This is not one of "those rare instances where–due to circumstances external to the party's own conduct–it would be unconscionable to enforce the limitation period against the party and gross injustice would result." United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

It is therefore

**ORDERED** that Shoemaker's § 2255 motion, docket number 39 in Criminal Number 7:09-1079 and docket number 34 in Criminal Number 7:11-492, is summarily dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Shoemaker has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
April 15, 2013

**NOTICE OF RIGHT TO APPEAL**

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.